Totten, J.,
delivered the opinion of the court.
The case is an issue of devisavit vel non, on a paper propounded as the will of James Tate, deceased. It was tried in the circuit court of Warren, at April term, 1850, and the issue was found in favor of the will. The defendant’s motion for a new trial being overruled and judgment rendered, they have appealed in error to this court.
The will had no attesting witnesses, and was proved under the 5th section of the act of 1784, ch. 10, and the questions mainly relied upon by counsel, are raised upon the charge of the court, in its exposition of that section to the jury. We have carefully examined the charge, and think it a very able and lucid analysis and exposition of the statute, and subject to no substantial objection.
To make the will valid, that statute requires:
1st. That it be found amongst the valuable papers or ef *466 fects of the deceased, or that it be lodged in the hands of some person for safe-keeping. If the testator keep the paper as he keeps his other valuable papers or effects, it is a fact, from which an inference may be drawn, that he regards it as his will, and intends it to have that effect at his death. The place of deposit will depend upon the condition and arrangements of the testator; it is sufficient, if the will be kept and found amongst his other valuable papers or effects. In Harrison vs. Burgess, 1 Hawks R. 385, the testator ordered the will to be placed in the drawer of a bureau in which his wife kept her trinkets, jewels, money and clothes under lock and in her own charge, and that was held to satisfy the statute. In the present case, the will was found in one of the apartments of a sugar chest, under lock, with other valuable papers and a ten dollar bank note ; another deposit for papers had been disused, because the key to the lock had been lost. In both these cases the existence and place of the paper, were known to others, but that is not material; the intention of the statute is, that it shall appear to be a' will, whose existence and place of deposite are known to the testator, and that he has it in his care and protection, preserving it as his will. These facts exclude the idea, that it is a worthless paper, not cared for or preserved, but repudiated, and no longer intended to have the effect of a will.
2d. The will must be entirely in the handwriting of the testator, and his name subscribed thereto or inserted in some part of it.
3d. The handwriting must be generally known by the acquaintances of the deceased, and be proved by at least three credible witnesses to be that of the testator. That is, the handwriting must be so well known, as that, if a false will be propounded for probate, it will be in the power of the persons interested in the estate to expose and defeat it by proof of other witnesses..
*467 The fact that the handwriting is known may appear from other facts and circumstances, as well as by direct proof; as if the deceased had been in business of such character as to bring his handwriting frequently before his acquaintances, it might be inferred from this, in aid of other proof, that they were generally acquainted with it. But if he seldom wrote, and his writing was irregular and imperfect, and seldom before the observation of his acquaintances, such inference would not arise, but the contrary.
In the present case, it is fairly inferrable from the proof, that the handwriting of the deceased was generally known by his acquaintances, and in this respect no exception can be taken to the charge.
The will was also proved to be entirely in the handwriting of the deceased, by the number of witnesses required. And there is much other proof going to support the same conclusion. There is certainly no ground to disturb the verdict; and there being no error in the charge of the court, the judgment will be affirmed.
Let the judgment be affirmed.